WIGGINTON, Judge.
Appellant appeals his convictions, after jury trial, of trafficking in stolen property (Counts III and VIII), in violation of section 812.019(1), Florida Statutes, and making a false statement in an application for a vehicle title (Count IX), in violation of section 319.33(l)(e), Florida Statutes. We affirm his conviction on Count IX, but remand for resentencing on that count, and reverse his convictions on Counts III and VIII.
Section 812.012(7) defines “traffic” to mean:
(a) to sell, transfer, distribute, dispense or otherwise dispose of property,
(b) to buy, receive, possess, obtain control of, used property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
Conviction of the offense of trafficking in stolen property requires an evidentiary showing of “an intent to traffic in the stolen property, as by disposing of it by transfer to another ...” (emphasis supplied). One does not evidence an intent to “dispose” of stolen property merely by putting it into his vehicle. Id. No evidence was presented during the state’s case to show that appellant disposed, within the above definitions, of the stolen auto parts in which he was accused of trafficking. We note that, although it appears that appellant could have been charged with, and convicted of, aiding and abetting “chop shop” activities in violation of section 812.-16(2), Florida Statutes, he was not charged with that offense. Since the state failed to prove that he committed the offense of trafficking in the stolen property, the trial judge erred in denying his motion for judgment of acquittal on the trafficking charges at the close of the state’s case. Therefore, his convictions for trafficking in stolen property are hereby reversed.
We find no merit in appellant’s claim of error in his conviction of making false statement in an application. Therefore, his conviction on that count is affirmed. However, this cause must be remanded for re-sentencing on that count upon recalculation of the guidelines scoresheet, since the trafficking convictions, one of which was listed as the primary offense at conviction on the original scoresheet, have been reversed.
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
BOOTH and SMITH, JJ., concur.